IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN JAMES ) | |
| ) | |
| v. ) | No. 3:22-cv-00372 |
| ) | |
| KILOLO KIJAKAZI ) | |
|     Commissioner of Social Security ) | |

**To:** The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is a motion filed by the Commissioner of the Social Security Administration ("Defendant") to enter judgment reversing and remanding, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision denying Plaintiff's application for social security benefits. (Docket No. 26.) Defendant advises that Plaintiff's counsel has been contacted and has no objection to the motion. (*Id.* at 1.) This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b), for initial consideration and a report and recommendation. (Docket No. 4.) For the reasons that follow, the undersigned Magistrate Judge recommends that Defendant's motion (Docket No. 26) be **GRANTED** and that Plaintiff's motion for judgment on the record (Docket No. 22) be **DENIED AS MOOT**.

Defendant moves for remand on the basis that further evaluation of both Plaintiff's work activity and the medical opinion evidence is necessary. (Docket No. 27 at 1.) Defendant argues that remand for further evaluation – including an opportunity for Plaintiff to provide updated medical evidence – and not an award of benefits, is appropriate given the need for further development of the administrative record. *See Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636,

644-45 (6th Cir. 2013) ("A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and the evidence to the contrary is lacking.") (quoting *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994)).

Because Plaintiff does not oppose the Commissioner's proposed course of action, the Court will recommend that Defendant's motion be granted and that this matter be remanded for further evaluation of Plaintiff's claim. Defendant notes that entry of final judgment by the District Judge remanding this case – should the District Judge adopt the instant Report and Recommendation – will commence the 30-day period during which Plaintiff's counsel may file an application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

### RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Defendant's motion to remand (Docket No. 26) be granted, the decision of the Commissioner be reversed, and this matter remanded for further proceedings. Given this recommendation, it is further respectfully RECOMMENDED that Plaintiff's motion for judgment on the record (Docket No. 22) be denied as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b). Failure to file specific written objections within the specified time can be deemed to represent a waiver of the right to appeal the District Court's

order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

          Respectfully submitted,

          _____
          BARBARA D. HOLMES
          United States Magistrate Judge